IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PAITRIX CO. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>WIPS CO., LTD.<br><br>Defendant. | CIVIL ACTION NO.  6:20-cv-1074<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Paitrix Co. Ltd. ("Paitrix" or "Plaintiff") files this Complaint for Patent Infringement against Defendant WIPS Co., Ltd. ("WIPS" or "Defendant"), and states as follows:

## THE PARTIES

1. Paitrix is a limited company organized and existing under the laws of Taiwan and located at 5F., No. 45, Keda 1st Rd., Zhubei City, Hsinchu County 30286.

2. WIPS is a limited company organized and existing under the laws of South Korea with a principal place of business located at DMC Tower 18-19th Floor, 189 Sungam-ro, Mapo-gu, Seoul, South Korea, 03929.

## **JURISDICTION AND VENUE**

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. Upon information and belief, WIPS has placed the products, systems, and services accused of infringement, like its WIPS Global IP Search Service platform, into the stream of commerce knowing or understanding that such products, systems, and services would be used or put into service in or from the United States, including in or from the Western District of Texas.

5. WIPS has an interactive website through which it markets, offers to sell, sells, communicates directly with customers and potential customers about, and provides access to the products, systems, and services accused of infringement in or from the Western District of Texas.

6. WIPS offers to sell and sells products, systems, and services through its website at http://www.wipsglobal.com/service/mbr/msContactus.wips or http://www.wipsglobal.com/service/mai/main.wips.

7. Upon information and belief, WIPS has sold the infringing products, systems, and services in the Western District of Texas.

8. Upon information and belief, WIPS has sold the products, systems, and services accused of infringing in the Western District of Texas.

9. Upon information and belief, WIPS has sold the infringing p products, systems, and services in the Western District of Texas through its website at http://www.wipsglobal.com/service/mbr/msContactus.wips or http://www.wipsglobal.com/service/mai/main.wips.

10. Upon information and belief, WIPS has sold the products, systems, and services accused of infringing in the Western District of Texas through its website at http://www.wipsglobal.com/service/mbr/msContactus.wips or http://www.wipsglobal.com/service/mai/main.wips.

11. Upon information and belief, WIPS has sold infringing products, systems, and services in the Western District of Texas to companies, law firms, academic institutions, governments, and research and development institutes through its website, http://www.wipsglobal.com/service/mbr/msContactus.wips and http://www.wipsglobal.com/service/mai/main.wips.

12. Upon information and belief, WIPS has sold the products, systems, and services accused of infringing in the Western District of Texas to companies, law firms, academic institutions, governments, and research and development institutes through its website, http://www.wipsglobal.com/service/mbr/msContactus.wips and http://www.wipsglobal.com/service/mai/main.wips.

13. Upon information and belief, WIPS has used or put into service infringing products, systems, or services in or from the Western District of Texas, at least through demonstration including through demonstrations during sales and marketing.

14. Upon information and belief, WIPS has used or put into service the products, systems, or services accused of infringing in or from the Western District of Texas, at least through demonstration including through demonstrations during sales and marketing.

15. This Court has personal jurisdiction over WIPS at least because WIPS has made, used, offered to sell, sold, or put into service the accused products, systems, or services within the District, either directly or through its website, thus committing acts of infringement within the District, and placed infringing products, systems, or services into the stream of commerce knowing or understanding that such products, systems, or services would be used in the United States, including in the Western District of Texas.

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)(3) because WIPS is a foreign corporation subject to suit in any district.

## THE '804 PATENT

17. Paitrix is the owner by assignment from the inventors, Chao-Chin Chang, Yu-Chen Yu, and Chen-Kun Chen of all right, title, and interest in and to

United States Patent Number 8,922,804 (the "'804 Patent"), titled "Technical Documents Capturing and Patents Analysis System and Method" including the right to sue for all past, present, and future infringement. A true and correct copy of the ''804 Patent can be found on the USPTO website at http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO1&Sect2=HITOFF&d=PALL&p=1&u=%2Fnetahtml%2FPTO%2Fsrchnum.htm&r=1&f=G&l=50&s1=8922804.PN.&OS=PN/8922804&RS=PN/8922804.

18. The '804 Patent issued from U.S. Patent Application No. 14/060,093 filed on October 22, 2013.

19. The Patent Office issued the '804 Patent on December 30, 2014, after a full and fair examination.

20. The '804 Patent is valid and enforceable.

21. The '804 Patent describes a system and method for managing technical documents wherein each of the document units occupies a screen area for displaying document information.



22.     The inventors of the '804 Patent, recognized that when performing technical document analysis, such as patent information analysis, information is typically displayed such that "if a reader wants to obtain further information, the reader must enter the subject to read the abstract or even [the] entire document of text and drawings to know whether the document is of interest or relevan[t]." '804 Patent 2:5-9.  Review of such documents could be made much more efficient by, for example, shifting related drawings from a group of technical documents through preprocessing while integrating the captured information onto a screen.

23.     The '804 Patent provides several advantages over the prior art such as: a) allowing a document reviewer to access a document's information through a

graphic screen rather than repeatedly opening resource intensive PDF or TIFF documents; b) providing an information sharing platform to allow readers to log comments after reading technical documents, attached data generated or collected during the reading an analysis of the document, and to display comments from other readers.

24. The '804 Patent describes and claims a specific way to generate and view a technical document: (1) classifying, capturing, reading, commenting, sharing information, and exchanging comments (2) by using a verify shift unit, a capture and select module, and a data capturing module.



FIG. 12

25. A person of ordinary skill in the art at the time of the invention would have recognized that the steps (and combination of steps) and methods claimed in

the '804 Patent were, at the time of invention, unconventional and describe generating, viewing, and sharing technical documents in a way that, at the time of the invention, was not routine.

26. A person of ordinary skill in the art at the time of the invention would have understood that, at the time of the invention, there was no conventional manner in which to generate, share, and view a technical document in such a way that one would not be required to continually open and manually parse and view the document. A skilled artisan, at the time of the invention, would have recognized the problem that, continually needing to open and manually review technical documents, was terribly inefficient.

27. The '804 Patent provides technical solutions to this problem not solved in the prior art: "[b]y displaying [the] main figures from a plurality of patent documents of a group… enabl[ing] the user to accelerate the patent map shifting at the initial search stage so as to reduce the user's demands on resource-consuming graphic format files and improve the system resource utilization." '804 Patent at 3:54-57.

28. Claim 1 of the '804 Patent states:

> 1. A reading system for a plurality of technical documents, said reading system at least comprising a graphical screen divided into a plurality of document units arranged in a m×n manner, wherein both m and n are integers greater than 1, m is the total number of columns, and n is the total number of rows, respectively, each of said document units being a screen area for displaying a document information of a document, and said document information including at least one important information and at least one related information of the technical document, wherein the at least one related information includes at least one related drawing.

29.     A person skilled in the art at the time of the invention would have understood that dividing a reading system's graphical screen into a plurality of document units arranged in a M x N manner was not, at the time of the invention, conventional, well-understood, nor routine.

30.     A person of ordinary skill in the art at the time of the invention would have understood that a document unit being a screen area for displaying document information was not, at the time of the invention, conventional, well-understood, nor routine.

31.     A person of ordinary skill in the art at the time of the invention would have understood that the combination of elements in claims 1-20 of the '804 Patent were not, at the time of the invention, conventional, well-understood, or routine.

32. A person skilled in the art at the time of the invention would have understood that the claims recite particular elements and structural limitations operating in an unconventional manner to achieve an improved system for reviewing and commenting on technical documents.

33. These technological improvements provide greater cost savings and efficiencies in permitting much quicker and efficient document review.

34. The novel use and arrangement of the specific combinations and elements recited in the '804 claims were not well-understood, routine, nor conventional to a person skilled in the relevant field at the time of the inventions.

## WIPS

35. WIPS was founded in 1999.

36. WIPS provides on-line worldwide patent information service and intellectual property consulting services to over 3,000 companies, law firms, academic institutions, governments, and research and development institutes in the United State, Korea, the United Kingdom, China, Japan, Taiwan, Sweden, Denmark, Colombia, Thailand, India, Hong Kong, and Vietnam.

37. WIPS boasts it has the "number one market share position" as an intellectual property services company. WIPS, About WIPS, *available at* http://global.wipscorp.com/greeting.do (last accessed November 11, 2020).

38. WIPS Global is WIPS's patent search service ("Accused System").

39. WIPS Global is a web-based platform and includes databases from 96 countries.

40. WIPS has an interactive website through which it markets, offers to sell, sells, communicates directly with customers and potential customers about, and provides access to the Accused Systems.

41. WIPS derives significant revenue from subscriptions to its online patent search services, including WIPS Global.

42. WIPS ensures the accuracy of the content it publishes on its website, http://global.wipscorp.com/wga.do.

43. The information WIPS publishes on its website at http://global.wipscorp.com/image/img/W12.png accurately describes the WIPS Global product.

## COUNT I – DIRECT PATENT INFRINGEMENT OF THE '804 PATENT

44. Paitrix realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

45. WIPS has an interactive website through which it markets, offers to sell, sells, communicates directly with customers and potential customers about, and provides access to the Accused Systems

46. The Accused Systems are a reading system for a plurality of technical documents.

47.     The Accused Systems provide a graphical screen divided into a plurality of document units arranged in an M x N manner wherein the m and n are both integers greater than 1 where m is the total number of columns and n is the total number of rows.



WIPS Global Report, *available at* http://global.wipscorp.com/image/img/W12.png. (last accessed November 19, 2020).

48. Each of the Accused System's document units are screen areas for displaying document information.

49. The Accused System provides important document information, such as the patent number, and related information, such as the patent drawing.

50. Defendant instructs its customers to use the Accused System in an infringing manner. *See, e.g.*, Video Tutorials, *available at* http://www.wipsglobal.com/service/mai/main.wips (last accessed Nov. 21, 2020).

51. WIPS has directly infringed the '804 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, and selling the Accused System that embodies the patented inventions of at least claims 1-20, of the '804 Patent.

52. WIPS's infringing Accused Systems include, without limitation, WIPS Global and other technical document viewing and sharing solutions with the same or similar features and functionality that satisfy each element of one or more asserted claims.

53. The Accused Systems satisfy each and every element of each asserted claim of the '804 Patent either literally or under the doctrine of equivalents.

54. Defendant's infringing activities are and have been without authority or license under the '804 Patent.

55. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts in an amount subject to proof

at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

**COUNT II – INDUCED PATENT INFRINGEMENT OF THE '804 PATENT**

56.     Paitrix realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

57.     WIPS is liable for indirect infringement under 35 U.S.C. § 271(b) of at least claims 1-20 of the '804 Patent at least as early as August 27, 2020, because it knowingly encourages, aids, and directs others (*e.g.*, end users and customers) to use and operate the Accused Systems in an infringing manner.

58.     Paitrix sent WIPS numerous cease and desist letters in 2019 and 2020. Most recently, on July 29, 2020, Paitrix sent WIPS a cease and desist letter in which Paitrix alerted WIPS to its infringement of the '804 Patent and providing a detailed claim chart illustrating WIPS's infringement.  WIPS received the letter on July 31, 2020.  On August 27, 2020, WIPS sent a three-line reply without any substantive response or offer of discussion.

59.     WIPS has had knowledge of the '804 Patent and Paitrix's allegations of infringement by WIPS at least since July 29, 2020.

60.     Since July 29, 2020, WIPS has specifically intended, and continues to specifically intend, for persons who acquire and use the Accused Systems, including WIPS's customers (*e.g.*, individual users, etc.), to use the Accused Systems in a

manner that infringes the '804 Patent. This is evident when WIPS encourages and instructs customers and other end users in the use and operation of the Accused Systems via advertisement, technical material, instructional material, and otherwise. *See* Patent Search Service | WIPS Global, *available at* http://global.wipscorp.com/wga.do (last accessed Nov. 21, 2020).

61. WIPS specifically intends the Accused Systems to be used and operated to infringe one or more claims, including at least claims 1-20, of the '804 Patent.

62. WIPS encourages, directs, aids, and abets the use, configuration, and installation of the Accused Systems.

63. As detailed in Count I above, WIPS has instructed its customers to use the Accused Systems in an infringing manner. *See, e.g.*, Video Tutorials, *available at* http://www.wipsglobal.com/service/mai/main.wips (last accessed Nov. 21, 2020).

64. WIPS has an interactive website through which it markets, offers to sell, sells, communicates directly with customers and potential customers about, and provides access to the Accused Systems.

65. WIPS's analysis and knowledge of the '804 Patent combined with its ongoing activity demonstrates WIPS's knowledge and intent that the identified features of its Accused Systems be used to infringe the '804 Patent.

66. WIPS's knowledge of the '804 Patent and Plaintiff's infringement allegations against WIPS combined with its knowledge of the Accused Systems and

how they are used to infringe the '804 Patent, consistent with WIPS's promotions and instructions, demonstrate WIPS's specific intent to induce its users to infringe the '804 Patent.

67. Plaintiff is entitled to recover from WIPS compensation in the form of monetary damages suffered as a result of WIPS's infringement in an amount that cannot be less than a reasonable royalty together with interest and costs as fixed by this Court.

## JURY DEMAND

68. Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Paitrix prays for the following relief:

(i) Judgment that WIPS has directly infringed the '804 Patent;

(ii) Judgment that WIPS has indirectly infringed the '804 Patent;

(iii) Judgment that the '804 Patent is valid and enforceable;

(iv) An award of damages adequate to compensate Paitrix for WIPS's direct and indirect infringement up to and including the date such judgment is entered, to the full extent damages are available under 35 U.S.C. § 284, or otherwise, along with prejudgment and post-judgment interest at the highest allowable rates;

(v) An award of enhanced damages pursuant to 35 U.S.C. § 284;

(vi)  Judgment that this case is exceptional, along with a corresponding award of reasonable attorney fees, pursuant to 35 U.S.C. § 285;

(vii)  Costs and disbursements, pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, 35 U.S.C. § 284, or otherwise;

(viii)  An accounting;

(ix)  Such other and further relief, whether at law or in equity, as the Court deems just and proper.

Respectfully submitted this 21st day of November 2020.

By: */s/Christopher E. Hanba*
Christopher E. Hanba
State Bar No. (Michigan) P81732
chris@connorkudlaclee.com
Cabrach J. Connor
State Bar No. 24036390
cab@connorkudlaclee.com

**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile

**ATTORNEYS FOR PLAINTIFF**